IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRED, JONATHAN, JOSHUA,
JASON QUIMBY, RHONDA McSHAN,

       Civil No. 05-202-AS

    Plaintiffs,

       FINDINGS AND RECOMMENDATION

    v.

ASA JAMES VALLANCE, JR., and
JENNIE ANN VALLANCE, JR.,

    Defendants.

    FRED QUIMBY
    3388 B Merlin Rd. PMB #178
    Grants Pass, OR  97526

       Plaintiff *Pro Se*

    MICHELLE R. BURROWS
    618 NW Glisan, Suite 203
    Portland, OR  97209

       Attorney for Defendants

ASHMANSKAS, Magistrate Judge.

Pro se Plaintiff Fred Quimby[1] brings this civil action against Defendants Asa James Vallance, Jr. and Jennie Ann Vallance. Currently before the court is Defendants' "Motion to Strike, Motion to Dismiss" (#3) pursuant to Fed. R. Civ. P. 12. For the reasons that follow, Defendants' motion to dismiss should be GRANTED, and Plaintiffs' Complaint should be DISMISSED.

## BACKGROUND

Plaintiff Fred Quimby alleges Defendants violated Plaintiffs' constitutional rights by cooperating with state officials in connection with a 1999 criminal prosecution against Fred Quimby. Plaintiff also alleges state law claims against Defendants. By way of remedy, Plaintiff Fred Quimby seeks money damages.

Defendants move to strike several allegations of the Complaint, to dismiss the entire action as untimely, and to dismiss for failure to state a claim upon which relief may be granted.

## LEGAL STANDARDS

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the

---

[1]The Complaint lists as additional Plaintiffs Rhonda McShan and Jonathan, Joshua, and Jason Quimby. Only Plaintiff Fred Quimby, however, signed the Complaint.

allegations.'"  <u>Cervantes v. City of San Diego</u>, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)); <u>Tanner v. Heise</u>, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party.  <u>Tanner</u>, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt.  <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1055 (9th Cir. 1992), <u>overruled on other grounds by</u> <u>WMX Tech., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1998); <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies.  <u>McGuckin</u>, 974 F.2d at 1055; <u>Karim-Panahi</u>, 839 F.2d at 623-24; <u>Eldridge v. Block</u>, 832 F.2d 1132, 1136 (9th Cir. 1987).  A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.  <u>Karim-Panahi</u>, 839 F.2d at 623; <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I.   Statute of Limitations

In Oregon, a civil rights action brought under § 1983 must be brought within two years. Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir. 1988) (per curiam). Likewise, tort claims based upon state law are also subject to a two-year statute of limitations. Or. Rev. Stat. § 12.110. Here, it is apparent from the face of the Complaint that Defendants' involvement in Plaintiff Fred Quimby's criminal prosecution, conviction, and sentencing occurred in 1999. Accordingly, Plaintiff Fred Quimby's claims against Defendants are time-barred.

### II.   Failure to State a § 1983 Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. L.W. v. Grubbs, 974 F.2d 119, 120 (9th Cir. 1992), cert. denied, 508 U.S. 951 (1993); Lopez, 939 F.2d at 883; Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989), cert. denied, 493 U.S. 1056 (1990).

To the extent Plaintiff Fred Quimby attempts to allege a claim against Defendants under § 1983, he fails to allege Defendants were acting under color of state law. Accordingly, the

Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

### III. *Pro Se* Plaintiff Fred Quimby's Attempt to Represent Family Members' Interests

A non-lawyer may not file papers with the court or otherwise represent the rights of a *pro se* litigant. C.E. Pope Equity Trust v. United States, 818 F.2d 696 (9th Cir. 1987) (citation omitted); McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966); Russell v. United States, 308 F.2d 78 (9th Cir. 1962). As noted, Fred Quimby is the only Plaintiff who signed the Complaint in this action. To the extent *pro se* Plaintiff Fred Quimby seeks to assert claims on behalf of the other named Plaintiffs, he may not do so. Accordingly, the claims of Plaintiffs Rhonda McShan and Jonathan, Joshua, and Jason Quimby must be dismissed.

### RECOMMENDATION

Based on the foregoing, Defendants' Motion to Dismiss (#3) should be GRANTED, and the Complaint should be DISMISSED.[2] Because it is clear the deficiencies of the Complaint cannot be corrected by amendment, the dismissal should be WITH PREJUDICE, and final judgment should be entered in this action.

---

[2]The motion to strike should be DENIED AS MOOT.

## SCHEDULING ORDER

Objections to these Findings and Recommendation(s), if any, are due July 22, 2005.  If no objections are filed, the Findings and Recommendation(s) will be referred to a district court judge and go under advisement on that date.

If objections are filed, the response is due no later than August 5, 2005.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation(s) will be referred to a district court judge and go under advisement.

DATED this  7th  day of July, 2005.


                        /s/ Donald C. Ashmanskas
                        Donald C. Ashmanskas
                        United States Magistrate Judge