IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRED QUIMBY, JONATHAN, JOSHUA,
JASON QUIMBY, RHONDA McSHAN,
& et al.,

   Plaintiffs,

 v.

ASA JAMES VALLANCE, JR.,
and JENNIE ANN VALLANCE, JR.,

   Defendants.

Civil No. 05-202-AS

FINDINGS AND RECOMMENDATION

  FRED QUIMBY
  3388 B Merlin Rd PMB #178
  Grants Pass, OR  97526

   Plaintiff *Pro Se*

  MICHELLE R. BURROWS
  Attorney at Law
  618 NW Glisan, Suite 203
  Portland, OR  97209

   Attorney for Defendants

1 - FINDINGS AND RECOMMENDATION -

ASHMANSKAS, Magistrate Judge.

Plaintiff brought this civil rights action *pro se*. On August 16, 2005, the Honorable Garr M. King issued an Order adopting this court's July 7, 2005, Findings and Recommendation. Judge King's Order granted Defendants' motion to dismiss, with prejudice. On August 18, 2005, Judge King issued a Judgment of Dismissal.

Currently before the court is Defendants' Petition for Attorney Fees (#27). For the reasons that follow, Defendants' Petition should be GRANTED.

## DISCUSSION

Under Fed. R. Civ. P. 54(d)(2), a petition for attorney fees must specify the judgment, the statute, or other grounds entitling the prevailing party to relief, and must state the amount or fair estimate of the amount sought. Prevailing parties in a federal civil rights action such as this are entitled to attorney fees and litigation expenses pursuant to 42 U.S.C. §§ 1988 and 2000e-5(k). "Prevailing party" status must be achieved by obtaining some of the benefits sought in bringing the litigation. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Hanrahan v. Hampton, 446 U.S. 754 (1980).

As noted, a judgment of dismissal, with prejudice, was entered in favor of Defendants on August 18, 2005. As such,

Defendants are prevailing parties, entitled to an award of attorney fees and litigation expenses.[1]

The calculation of a reasonable fee award usually involves two steps. First, the court must calculate the "lodestar figure" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. Hensley, 461 U.S. at 433. The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. Id.

Second, the court must determine whether it is appropriate to enhance or reduce the lodestar figure based on the set of factors described by the Ninth Circuit in Morales v. City of San Rafael, 96 F.3d 359, 363-64 (1996), opinion amended on denial of rehearing, 108 F.3d 981 (9th Cir. 1997). Among these factors are: (1) the time and labor required; (2) the preclusion of other employment by the attorney due to the acceptance of the case; (3) the customary fee; (4) any time limitations; and (5) the experience, reputation, and ability of the attorney. There exists

---

[1] Plaintiff's argument that Defendants are not entitled to attorney fees because the attorney fee petition was not timely is without merit. Pursuant to Fed. R. Civ. P. 54(d)(2)(B), the petition was due no later than 14 days after entry of judgment, "unless otherwise provided by statute or order of the court." On September 12, 2005, this court issued an order granting Defendants' motion for extension of time to file a petition for attorney fees. Defendants' petition was filed within the time provided in that order.

3 - FINDINGS AND RECOMMENDATION -

a "strong presumption" that the lodestar figure represents a reasonable fee, and should, therefore, only be enhanced or reduced in "rare and exceptional cases." <u>Pennsylvania v. Del. Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 565 (1986).

Defendants' counsel, Michelle Burrows, has been practicing law in the State of Oregon since 1986. She is a sole practitioner with an emphasis on plaintiffs' civil rights litigation and defense of civil forfeiture matters in both state and federal court. Ms. Burrows is a frequent speaker at Continuing Legal Education programs on matters relating to her areas of expertise and specialty, is a past Vice-President of the Oregon Criminal Defense Lawyers Association, a current member of the Civil Forfeiture Asset Oversight Committee to the Oregon State Legislature, and the current Chair of the Legal Advisory Committee to the Wester Prison Project, a non-profit community advocacy group working on prison condition issues in Oregon.

Ms. Burrows currently charges her clients $250 per hour. Defendants submitted the affidavits of attorneys Stephen C. Hendricks and Elden M. Rosenthal, both of whom indicate that other litigators in the Portland area with twenty or more years of experience and who specialize in civil rights litigation generally command a rate of $250 or more per hour.

After considering the time and labor expended by Ms. Burrows in this case, the customary fee, and the experience and reputation

4 - FINDINGS AND RECOMMENDATION -

of Ms. Burrows, the court finds that $250 per hour represents a reasonable hourly rate.  In addition, the court has reviewed the time sheets submitted by Defendants and is satisfied that 14.67 hours represents the appropriate amount of time that Ms. Burrows worked on this case.

On September 29, 2005, Defendants submitted a "Supplemental Memorandum in Support of Petition for Attorney Fees," in which Defendants seek an upward adjustment of attorney fees of an additional $5,000.  In support of this request, Defendants contend Plaintiff is attempting to threaten and intimidate both Defendants and Ms. Burrows by sending documents evincing an intent to "execute" on fake liens, in violation of the law.  To the extent Plaintiff may be doing so, that is not a matter before the court in this particular action.  As such, the court finds this is not a "rare and exceptional" case warranting an upward adjustment.

## RECOMMENDATION

Based on the foregoing, I recommend that Defendants' Petition for Attorney Fees (#27) be GRANTED in the amount of $3,667.50.

## SCHEDULING ORDER

Objections to these Findings and Recommendation, if any, are due November 14, 2005.  If no objections are filed, the Findings and Recommendation(s) will be referred to a district court judge and go under advisement on that date.

If objections are filed, the response is due no later than November 28, 2005. When the response is due or filed, whichever date is earlier, the Findings and Recommendation(s) will be referred to a district court judge and go under advisement.

DATED this _____ day of October, 2005.

_____
Donald C. Ashmanskas
United States Magistrate Judge